# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION d/b/a of U.S. BANK EQUIPMENT FINANCE,<br><br>               Plaintiff,<br><br>v.<br><br>PHILLIP MILES and MARK MILES,<br><br>               Defendants. | Case No. |

## VERIFIED COMPLAINT

NOW COMES Plaintiff U.S. Bank Equipment Finance, a division of U.S. Bank National Association ("U.S. Bank"), by and through its counsel, and for its Verified Complaint against Phillip Miles ("Phillip") and Mark Miles ("Mark")(collectively the "Defendants"), states as follows:

## PARTIES

1. U.S. Bank is a national bank organized under the laws of the United States, with its principal place of business in Minneapolis, Minnesota. U.S. Bank maintains its charter in the State of Ohio, and its main office is located in Cincinnati, Ohio.

1

2. Phillip Miles is a citizen of the State of Georgia who is domiciled in Alpharetta, Georgia.

3. Mark Miles is a citizen of the State of Oklahoma who is domiciled in Chandler, Oklahoma.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court because Mark conducts business and Phillip resides in this District. *See* 28 U.S.C. § 1391(b)(1) (West 2023). Venue is further proper in this Court because a substantial part of the events giving rise to the claim occurred in this District. *See* 28 U.S.C. § 1391(b)(2) (West 2023).

## BACKGROUND

6. On November 22, 2021, Arrow Capital Solutions, Inc. ("Arrow"), as lender, and CurePoint, LLC ("CurePoint"), as borrower, entered into Installment Payment Agreement No. XXX-XXX67-0001 (the "Agreement") wherein Arrow agreed to finance CurePoint's acquisition of equipment (the "Equipment") supplied by Premiere Copier of Centennial, Colorado. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

7. To induce Arrow to enter into the Agreement with CurePoint, Phillip executed a Personal Guaranty (the "Phillip Guaranty"), guaranteeing CurePoint's obligations to Arrow under the Agreement. A true and correct copy of the Phillip Guaranty is attached hereto as Exhibit 2.

8. To induce Arrow to enter into the Agreement with CurePoint, Mark executed a Personal Guaranty (the "Mark Guaranty")(collectively with the Phillip Guaranty, the "Guaranties"), guaranteeing CurePoint's obligations to Arrow under the Agreement. A true and correct copy of the Mark Guaranty is attached hereto as Exhibit 3.

9. Pursuant to the Agreement, CurePoint agreed to make sixty (60) consecutive monthly payments in the amount of $2,484.17, plus applicable taxes. See Exhibit 1.

10. CurePoint, signed a Certificate of Acceptance verifying that it received and accepted the Equipment. A true and correct copy of the Certificate of Acceptance for the Equipment is attached hereto as Exhibit 4.

11. Arrow properly perfected its security interest in the Equipment. A true and correct copy of the UCC-1 financing statement for the Equipment is attached hereto as Exhibit 5.

12. On December 2, 2021, Arrow assigned all its rights, title and interest in the Agreement, the Guaranties, and the Equipment to U.S. Bank under the Master Sale Agreement dated April 21, 2014. After the assignment, U.S. Bank subsequently re-numbered the Agreement from XXX-XXX67-0001 to XXX-XXXXX26-000. A true and correct copy of the Specification of Assigned Interest is attached hereto as Exhibit 6.

13. CurePoint defaulted under the Agreement by failing to make the payment due August 1, 2022, and all payments due thereafter.

14. U.S. Bank fully performed its obligations under the Agreement.

15. The failure to make payment constitutes a default under the Agreement. *See* Exhibit 1, ¶ 9.

16. In the event of default, U.S. Bank is entitled to payment of the sum of all past due and currently due monthly payments, discounted to present value at the rate of two percent (2%) per annum, plus late fees, recovery of the Equipment, attorneys' fees and costs, and all other relief provided under the Agreement. *See* Exhibit 1, ¶¶ 2, 7, 9.

17. U.S. Bank is entitled to attorneys' fees and costs pursuant to the Agreement. *See* Exhibit 1, ¶ 7.

18. CurePoint filed for bankruptcy protection in United States Bankruptcy Court for the Northern District of Georgia.

## COUNT I – BREACH OF CONTRACT AGAINST PHILLIP MILES

19. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 18 of its Complaint as though fully set forth herein.

20. The Phillip Guaranty is a valid and enforceable contract between U.S. Bank and Phillip.

21. Phillip failed to make payments to U.S. Bank to satisfy his obligations to U.S. Bank under the Phillip Guaranty. Phillip's failure to make payments to U.S. Bank is a breach of the Phillip Guaranty.

22. As a proximate result Phillip's default under the Phillip Guaranty, U.S. Bank has suffered actual damages in the amount of $126,531.34, plus late charges, and attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. Bank respectfully requests that the Court enter judgment in its favor and against Phillip Miles in the amount of $126,531.34 plus late charges, and attorneys' fees and costs, as well as such other and further relief as this Court deems just.

## COUNT II – BREACH OF GUARANTY AGAINST MARK MILES

23. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 22 of its Complaint as though fully set forth herein.

24. The Mark Guaranty is a valid and enforceable contract between U.S. Bank and Mark.

25. Mark failed to make payments to U.S. Bank to satisfy his obligations to U.S. Bank under the Mark Guaranty. Mark's failure to make payments to U.S. Bank is a breach of the Mark Guaranty.

26. As a proximate result Mark's default under the Mark Guaranty, U.S. Bank has suffered actual damages in the amount of $126,531.34, plus late charges, and attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. Bank respectfully requests that the Court enter judgment against Mark Miles in the amount of $126,531.34 plus prejudgment interest, late charges, attorneys' fees and costs, as well as such other and further relief as this Court deems just.

This 16th day of February, 2023.

/s/ A. Todd Sprinkle
A. Todd Sprinkle
Georgia State Bar No. 832602
Parker Poe Adams & Bernstein LLP
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309

Tel:  (678) 690-5702
Fax: (404) 869-6972
toddsprinkle@parkerpoe.com
*Attorney for Plaintiff U.S. Bank Equipment Finance, a division of U.S. Bank National Association*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing document has been prepared with one of the font and point selections approved by this Court in Local Rule 5.1(C).

This 16th day of February, 2023.

/s/ A. Todd Sprinkle
A. Todd Sprinkle
Georgia State Bar No. 832602
Parker Poe Adams & Bernstein LLP
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309
Tel: (678) 690-5702
Fax: (404) 869-6972
toddsprinkle@parkerpoe.com
*Attorney for Plaintiff U.S. Bank
Equipment Finance, a division of U.S.
Bank National Association*

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the Verified Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that she verily believes the same to be true.

Declared under penalty of perjury this 15th day of February, 2023.

*Glenda Werkman*
Glenda Werkman
Officer and Senior Loss Mitigation Specialist
U.S. Bank Equipment Finance